Bamdad Rassamdana, State Bar No. 309519
   brassam@justiceattorneygroup.com
**Justice Attorney Group, APC**
3579 E. Foothill Blvd, Suite 515
Pasadena, CA 91107
Tel: (877) 205-8784 / Fax: (626) 228-2576
Attorney for Plaintiff MASSOUD TAVASSOLI

Karen Liao (SBN 256072)
   karen.liao@manningkass.com
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Tel: (949) 440-6690 / Fax: (949) 474-6991
Attorneys for Defendant Home Depot U.S.A., Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MASSOUD TAVASSOLI, an individual, | Case No.: 8:25-cv-01568--DOC-ADS |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| THE HOME DEPOT, INC., a corporation, HOME DEPOT U.S.A., INC., and DOES 1 through 50, inclusive, | District Judge: Hon. David O. Carter Magistrate Judge: Autumn D. Spaeth |
| Defendants. | |

1.     Pursuant to the Stipulation of the Parties to this action, it is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to the Federal Rules of Civil Procedure and Local

Rules of Court governing disclosure and discovery. This Stipulated Protective Order ("Protective Order") shall also apply to information, documents, excerpts from documents, and other materials produced in this action by a non-party pursuant to a subpoena served in this action. Until such time as this Protective Order has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

2.    Discovery in this Action will involve production of confidential, proprietary, and private information for which special protection is warranted. The Parties seek to balance the public's interest in open judicial proceedings with the Parties' legitimate interests in protecting sensitive information from unnecessary disclosure or misuse.

3.    This Protective Order is intended to comply with the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), 42 C.F.R. part 2 (the "Substance Use Disorder Treatment Rules"), and applicable state laws and regulations governing patient privacy and protecting healthcare information, including but not limited to medical information subject to California Civil Code §§ 56.10, et seq., as well as Welfare and Institutions Code (WIC) 5000 to 5550 (Lanterman-Petris-Short Act).

4.    Information including but not limited to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, materials, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this action, documents, testimony and other materials may be designated by the producing party in the manner permitted ("the Designating Party"). All

such information, documents, excerpts from documents, testimony and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5.    "CONFIDENTIAL" information means information, documents, or things that have not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy, including personal health information or information otherwise protected under HIPAA, the HIPAA Rules, or the Substance Use Disorder Treatment Rules.

6.    "CONFIDENTIAL-ATTORNEYS' EYES ONLY" means CONFIDENTIAL, non-public information that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party.

7.    Designated Material and any summary, description, analysis or report containing, summarizing, describing or otherwise communicating Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

A.    Parties: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, and personnel of or counsel to any insurance company insuring a Party to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

B.    Witnesses: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'
EYES ONLY" material may be shown to the author or recipient of a document
containing the information or a custodian or other person who otherwise possessed or
knew the information. Before Designated Material is disclosed for this purpose, each
such person must agree to be bound by this Order, by signing a document substantially
in the form of Exhibit A.

C.    Outside Experts: Designated Material, including material designated
"CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside
expert (and the secretarial and clerical staffs of such experts) for the purpose of obtaining
the expert's assistance in the litigation. Before Designated Material is disclosed for this
purpose, each such person (for themselves and their staff members) must agree to be
bound by this Order, by signing a document substantially in the form of Exhibit A.

D.    Counsel: Designated Material, including material designated
"CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of
record and in-house counsel for parties to this action and their associates, paralegals,
and regularly employed office staff.

E.    Other Persons: Designated Material may be provided as necessary to
copying services, translators, and litigation support firms. Before Designated Material
is disclosed to such third parties, each such person must agree to be bound by this Order
by signing a document substantially in the form of Exhibit A. Designated Material may
also be provided as necessary and in conjunction with the terms of this Order to the
Court and court personnel and to any court reporter, typist or videographer transcribing
testimony or argument in this matter.

8.      Prior to disclosing or displaying any Designated Material to any person, counsel shall:

A.    Inform the person of the confidential nature of the Designated Material; and

B.    Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to only those persons permitted such access under this Order.

10.      Counsel shall maintain all signed agreements by which persons have consented to be bound by this Order.

11.      Designated Material shall be designated by prominently stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

12.      The Designating Party will only designate materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if the party believes in good faith that the materials contain confidential information. A party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any information contained in documents that are in the possession of a third party if the documents contain the party's Confidential or Confidential-Attorneys' Eyes Only Information.

13.    If a receiving party learns that Designated Materials produced to it have been disclosed to any party or person(s) other than in the manner authorized by this Protective Order, the receiving party responsible for the disclosure must immediately inform the Designating Party of such disclosure and shall make a good faith effort to retrieve any Designated Materials so disclosed and to prevent disclosure by each unauthorized person who received such information.

14.    A party may submit a request in writing to the Designating Party that the designation be modified or withdrawn. If the Designating Party does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Unless and until the Court grants the objecting party's requested relief, the Designated Materials shall be treated as designated. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter, in accordance with Local Rule 37-1. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

15.    Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking all copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the thirty business days, the deposition transcript shall be treated as Designated Material. When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 7 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the

deposition witness is one to whom the Designated Material may be disclosed under Paragraph 7 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

16.    A receiving party shall not file any document with the Court containing any Designated Material without either obtaining the Designating Party's consent to filing the document on the public record or seeking leave of Court to file the document under seal.

17.    This Protective Order does not provide for the automatic sealing of Designated Material which becomes part of an official judicial proceeding or which is filed with the Court. Such Designated Material (and all briefs containing, quoting, summarizing or otherwise disclosing any Designated Material) will be sealed by the Court only upon motion and in accordance with applicable law, including the procedures set forth in the Local Rule 79-5.

18.    Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

19.    Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five days after entry of final judgment) to the Designating Party, or certified as destroyed to counsel of record for the Designating Party. A receiving party who has disclosed Designated Materials to other parties or person(s) as permitted by this Protective Order is responsible for using reasonable efforts to ensure that such parties or person(s) return all Designated Materials to the Designating Party, or to obtain from those parties or person(s) written certification that the Designated Materials have been destroyed. Notwithstanding the foregoing, counsel to whom Designated Material is disclosed under Paragraph 7(D) of this Order may retain Designated Material where it is technically infeasible to

return or destroy that material at the conclusion of the litigation, but counsel must apply the same degree of confidentiality protection to such Designated Material as it applies to its own confidential client files and records.

20.    Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time. The party receiving such notice of an inadvertent production of confidential material shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes or other such materials generated based upon such newly designated information are immediately treated as containing Designated Material.

21.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation with the Court. Upon such a challenge, the Designating Party bears the burden of establishing the privileged or protected nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or

otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege or protection is resolved by agreement of the parties or by the Court.

22.     In the event that Designated Material disclosed during the course of this action is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall immediately notify in writing counsel of record for the Designating Party if such subpoena or service demands the production of Designated Materials of such Designating Party. It is the Designating Party's burden to intervene if it desires to quash all or portions of the subpoena or request based on confidentiality concerns. Any such person or entity seeking such Designated Materials by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by counsel of record for the party upon whom the subpoena or process was served.

23.     The restrictions on disclosure of Designated Materials set forth in this Protective Order shall not apply to Designated Materials that: (a) at or prior to disclosure thereof in this action, are or were a matter of public knowledge or were independently obtained by the receiving party from a third party having the right to disclose the same; (b) after disclosure thereof, become public knowledge other than by act or omission of the receiving party or its agents, experts, and attorneys; (c) are disclosed by the Designating Party to a third party who is not subject to this Protective Order and who does not have an obligation to maintain the confidentiality of Designated Materials; or (d) were obtained outside of this action by the receiving party from the Designating Party without it having been designated as confidential or without any other attendant obligation of confidentiality.

24.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the

production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

25.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and, in the event that the aggrieved party does so, the responding party, subject to the provisions of this Protective Order, shall not employ as a defense to that claim that the aggrieved party possesses an adequate remedy at law.

This Court shall retain jurisdiction of any disputes or issues concerning the terms, interpretation, amendment of, or enforcement of this Protective Order, and all persons receiving Designated Material pursuant to this Protective Order hereby consent to the jurisdiction of this Court. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

It is so STIPULATED.

Dated: <u>September 8, 2025</u>


**JUSTICE ATTORNEY GROUP, APC**


By: _/s/ Bamdad Rassamdana_
      Bamdad Rassamdana
      Attorney for Plaintiff
      MASSOUD TAVASSOLI

Dated: September 8, 2025

**MANNING & KASS,
ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Karen Liao*
Karen Liao
Attorneys for Defendant Home Depot
U.S.A, Inc. (erroneously and additionally
sued as The Home Depot, Inc.)

**FILER ATTESTATION**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Bamdad Rassamdana*

**IT IS SO ORDERED.**

Dated:    September 16    , 2025

/s/ Autumn D. Spaeth
Hon. Autumn D. Spaeth
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER - 11

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1.      I  have been provided a copy of and read the Stipulated Protective Order entered in the Action captioned Massoud Tavassoli v. Home Depot U.S.A., Inc. et al, Case No. 8:25-cv-01568.

2.      I agree to comply with and to be bound by all of the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to do so may expose me to sanctions and punishment in the nature of contempt.

3.      I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the Stipulated Protective Order.

4.      At the conclusion of my involvement in the Action, I will return or destroy all Designated Material that I received, consistent with the Stipulated Protective Order.

5.      I submit to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER - 12